UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HIGHLANDS RESIDENTIAL MORTGAGE, LTD., | § § § § | |
| Plaintiff, | § | CASE NO. 4:22-cv-00603 |
| | § § | |
| v. | § § | |
| PHILLIP MILLER, | § § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Highlands Residential Mortgage, Ltd., by and through its undersigned counsel, for its Complaint against Defendant Phillip Miller, alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

### I.  NATURE OF ACTION

1.  This is an action for breach of contract by Highlands Residential Mortgage, Ltd. ("Highlands" or the "Company") against Philip Miller ("Miller") arising out of Miller's breach of his contractual obligation to repay a retention bonus, which was contingent upon Miller maintaining his employment until December 15, 2022. Miller resigned from Highlands before December 15, 2022, but he has failed and refused to repay the retention bonus in response to Highlands' presentment of its claim, which was issued through undersigned counsel.

### II.  PARTIES

2.  Plaintiff Highlands Residential Mortgage, Limited is a Texas limited partnership with its principal place of business in Allen, Texas.

PLAINTIFF'S ORIGINAL COMPLAINT                                                                                           PAGE 1

3. On information and belief, Defendant Phillip Miller is an individual resident of the State of Tennessee, who may be personally served at his home address at 57 Barn Street, Mount Juliet, Tennessee 37122.

## III. JURISDICTION AND VENUE

4. This Court has original jurisdiction of this matter based on diversity jurisdiction pursuant to 28 U.S.C § 1332(a) because there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. This Court has personal jurisdiction over Miller pursuant to the Production Employment Agreement between Highlands and Miller, wherein Miller agreed that "the Courts of Collin County, State of Texas, shall have exclusive jurisdiction over all actions arising from, out of, or with respect to this Agreement."

6. This Court also has personal jurisdiction over Miller because during his employment with Highlands, he had numerous and continuous contacts in this District by and communicating directly with management and staff at Highlands' Allen, Texas headquarters in the course of his regular job duties. Additionally, Miller indirectly reported to executives in Highlands' Allen, Texas headquarters through his direct manager, Eric Heath. All business decisions and personnel policies governing Miller's employment and implemented by Miller's direct manager, Eric Heath, were determined by executives in Highlands' Allen, Texas headquarters.

7. Venue is proper in this district pursuant to the Production Employment Agreement wherein Miller agreed to exclusive jurisdiction in "the courts of Collin County, State of Texas" for "all actions arising from, out of, or with respect to this Agreement." This District is made up of 43

counties, including Collin County. The Sherman Division consists of three courthouses, including the courthouse in Plano, Texas (Collin County).

8. Additionally, venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## IV.   FACTUAL BACKGROUND

9. Highlands is engaged in the business of residential mortgage lending.

10. Highlands' business decisions and personnel policies are determined at its corporate headquarters in Allen, Texas.

11. On or about October 30, 2020, Highlands presented an Offer Letter to Miller for the position of Branch Manager/Senior Loan Officer (the "October 2020 Offer Letter"). On or about November 10, 2020, Miller accepted the October 2020 Offer Letter, wherein he agreed to re-pay a $300,000.00 retention bonus "should [his] employment be terminated voluntarily or involuntarily on or before December 1, 2022."

12. On or about December 14, 2020, Highlands and Miller entered into the Production Employment Agreement, which incorporates the terms of the October 2020 Offer Letter. On or about January 5, 2021, the parties amended the October 2020 Offer Letter, which affirmed Miller's agreement to re-pay the $300,000.00 retention bonus if his employment ended before December 1, 2022 (the "January 2021 Offer Letter").

13. On or about May 1, 2021, Highlands and Miller entered into a Revised Agreement, wherein Miller, again, affirmed his agreement to re-pay the $300,000.00 retention bonus if his employment ended before December 1, 2022. (the "Revised Agreement").

14. The October 2020 Offer Letter, the Production Employment Agreement, the January 2021 Offer Letter, and the Revised Agreement function in tandem with each other as part

of a single, unified transaction to set the terms of Miller's employment and compensation, and are collectively, the "Agreement."

15. Retention bonuses with repayment provisions are commonly used by employers in the mortgage banking industry to recruit high-performing loan officers and to ensure that the loan officer remains employed long enough for the employer to obtain the benefit of the bargain (i.e., the amount of the loan officer's personal mortgage production volume during employment which was forecasted or promised by the loan officer during employment interviews).

16. The dollar amount of Miller's retention bonus was determined based on Miller's representations to Highlands about his past mortgage production volume for other employers and his promise that he would achieve a similarly high mortgage production volume for Highlands. Specifically, Miller represented to Highlands during his employment interviews that he generated approximately $130,000,000 in mortgage production volume in 2020 for his current employer and that he would produce a similar volume for Highlands, if the Company offered him employment.

17. Miller's employment with Highlands began on December 1, 2020, and on December 15, 2020, Highlands paid Miller the retention bonus. Miller worked for Highlands remotely from his home in Mount Juliet, Tennessee, reporting to indirectly to Highlands' corporate headquarters in Allen, Texas through his direct manager, Eric Heath. The volume and dollar amount of Miller's loan production during his employment with Highlands was significantly less than he represented it would be during his employment interviews. In 2021 (when the entire mortgage banking industry experienced an all-time high for production volume), Miller generated only $47,088,407 in mortgage production volume for Highlands. This was far less than the $130,000,000 in mortgage production volume that Miller achieved prior to his Highlands

employment and approximated during his employment interviews that he would achieve for the Company in the future.

18. On February 14, 2022, Miller voluntarily resigned from Highlands, effective the same day. In his resignation letter, Miller acknowledged that Highlands "is built very well, and that the company is a force to be reckoned with, especially with all its current leaders at the helm," but he was nevertheless resigning due to philosophical differences of opinion, which prevented him from being "passionate about [his] position" at Highlands.

19. Miller's resignation prior to December 1, 2022 triggered his obligation under the Agreement to repay the retention bonus.

20. Highlands demanded the return of the retention bonus, but Miller has failed and refused to pay it.

## V. COUNT ONE: BREACH OF CONTRACT

21. Highlands repeats and re-alleges each and every allegation contained in paragraphs 1 through 18 above as though fully stated herein.

22. The Agreement is a valid, enforceable, and binding contract.

23. Pursuant to the Agreement, Miller agreed that he would repay Highlands the $300,000.00 retention bonus if his employment ended before December 1, 2022.

24. Highlands provided consideration to Miller via payment of the retention bonus, new employment with Highlands, and access to Highlands' Confidential Material, as that term is defined in the Production Employment Agreement.

25. Miller breached the Agreement by failing to repay the retention bonus, which was triggered by his voluntary resignation before December 1, 2022.

26. Miller's breach of the Agreement has harmed Highlands in the form of damages in the amount of the retention bonus and the fees and expenses Highlands must incur to enforce the Agreement.

27. Highlands seeks as actual damages $300,000.00, the amount of the retention bonus that Miller is obligated to repay under the Agreement.

### VI.   COUNT TWO: UNJUST ENRICHMENT

28. Highlands repeats and re-alleges each and every allegation contained in paragraphs 1-2, 4, 6-8, and 13-17 above as though fully stated herein.

29. Highlands alleges in the alternative to its breach of contract claim that Highlands is entitled to recover under the doctrine of unjust enrichment if it is determined that either a valid and enforceable contract does not exist, the existing contract does not cover the subject matter of the dispute between Highlands and Miller, or the existing contract is void, invalid, or unenforceable.

30. On or about December 15, 2020, Highlands paid Miller the $300,000.00 retention bonus and Miller was enriched because of this payment. Miller's retention of the $300,000.00 retention bonus after his poor performance and early resignation is an undue advantage. Miller's retention of the $300,000.00 retention bonus despite his poor performance and early resignation is unjust and constitutes and unconscionable overpayment.

31. For the reasons set out above, Miller has been unjustly enriched and it would be unjust and/or unconscionable for Miller to retain the $300,000.00 despite his poor performance and early resignation.

32. Highlands seeks as actual damages $300,000.00, the value of the retention bonus conferred on Miller.

## VII. COUNT THREE: MONEY HAD AND RECEIVED

33. Highlands repeats and re-alleges each and every allegation contained in paragraphs 1-2, 4, 6-8, and 13-17 above as though fully stated herein.

34. Highlands alleges in the alternative to its breach of contract claim that Highlands is entitled to recover under the doctrine of money had and received if it is determined that either a valid and enforceable contract does not exist, the existing contract does not cover the subject matter of the dispute between Highlands and Miller, or the existing contract is void, invalid, or unenforceable.

35. Miller received and holds money which in equity and good conscience belongs to Highlands and should be returned to Highlands.

36. Highlands seeks as actual damages the return of the $300,000.00 retention bonus.

## VIII. ATTORNEYS' FEES

37. Highlands repeats and re-alleges each and every allegation contained in paragraphs 1 through 34 above as though fully stated herein.

38. It was necessary for Highlands to secure the services of the undersigned counsel to prepare and prosecute this suit. The Court should order Miller to pay Highlands' necessary and reasonable attorneys' fees incurred as a result of this lawsuit, in an amount to be determined upon final hearing, with additional attorneys' fees awarded in the event of appeal or remand.

39. Highlands is entitled to recover reasonable and necessary attorneys' fees under Texas Civil Practice and Remedies Code Chapter 38 because Miller is an individual and this suit is for the breach of a written contract.

40. Highlands retained the undersigned counsel, who presented Highlands' claims to Miller on February 24, 2022. Miller did not tender the amount owed within 30 days after the claim was presented by Highlands.

41. In the alternative, Highlands is entitled to recover reasonable and necessary attorneys' fees on Counts Two and Three, which have been pled in the alternative to Highlands' breach of contract claim.

## IX.  PRAYER FOR RELIEF

WHEREFORE, Highlands Residential Mortgage, Ltd. prays Defendant Phillip Miller be cited to appear and answer and that upon a final hearing of this matter, that the Court enter judgment in favor of Plaintiff against Defendant and award Plaintiff as follows:

(a) A judgment and order requiring Miller to pay Highlands actual damages in an amount to be determined at trial, as set forth more specifically above, together with pre-judgment and post-judgment interest, at the maximum rate allowable by law;

(b) A judgment that Miller breached the Agreement with Highlands by failing to repay the retention bonus;

(c) In the alternative, a judgment that Miller has been unjustly enriched and an order that Miller must repay the retention bonus to Highlands;

(d) In the alternative, a judgment that Miller holds money which in equity and good conscience belongs to Highlands and an order that Miller must return the money to Highlands;

(e) A judgment and order requiring Miller to pay Highlands' reasonable and necessary attorneys' fees and costs of court; and

(f) Such other and further relief as the Court deems Highlands is entitled, at law or in equity.

Dated: July 15, 2022.

Respectfully submitted,

By: */s/ Jenny L. Martinez*
Jenny L. Martinez
Texas State Bar No. 24013109
jmartinez@munckwilson.com
Lauren L. Mitchell
Texas State Bar No. 24071172
lmitchell@munckwilson.com

**MUNCK WILSON MANDALA, LLP**
12770 Coit Road, Suite 600
Dallas, Texas 75251
(972) 628-3600 Telephone
(972) 628-3616 Facsimile

**ATTORNEYS FOR PLAINTIFF HIGHLANDS RESIDENTIAL MORTGAGE LTD.**

933581